IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00167-CMA-STV

LAQUITA JONES,
LATEESHA PROCTOR,
PATRICK SMITH,
BEN MCCOLLUM,
Individually and as representatives of a class of similarly situated persons, on behalf of the DISH NETWORK CORPORATION 401(k) PLAN,

    Plaintiffs,

v.

DISH NETWORK CORPORATION,
THE BOARD OF DIRECTORS OF DISH NETWORK CORPORATION, and
THE RETIREMENT PLAN COMMITTEE OF DISH NETWORK CORPORATION,

    Defendants.

---

**SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Pursuant to Fed. R. Civ. 16(b) and 26(f) and Local Civil Rules 16.1 and 26.1, Plaintiffs, LaQuita Jones, Lateesha Proctor, Patrick Smith, and Ben McCollum (collectively, "Plaintiffs") and Defendants, DISH Network Corporation ("DISH"), the Board of Directors of DISH Network Corporation ("Board"), the DISH 401(k) Plan Committee (incorrectly named in the Complaint as

1

the "Retirement Plan Committee of DISH Network Corporation") ("Administrative Committee" or "Committee") (collectively, "Defendants") (collectively with Plaintiffs, the "Parties") began their conference by telephone on March 8, 2022.

The participants were counsel for Plaintiffs, Laurie Rubinow, Alec J. Berin, and Casey T. Yamasaki of Miller Shah LLP, and Mark K. Gyandoh and Gabrielle P. Kelerchian of Capozzi Adler, P.C., and counsel for Defendants, William Delany.

## 2.  STATEMENT OF JURISDICTION

### a.  Subject Matter Jurisdiction

The Parties agree that this Court has subject matter jurisdiction over this action under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America; provided, however, that Defendants reserve the right to argue that Plaintiffs lack standing under Article III of the U.S. Constitution.

### b.  Personal Jurisdiction

The Parties agree that this Court has personal jurisdiction over all parties.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiffs:

Plaintiffs bring this action individually and on behalf of the Dish Network Corporation 401(k) Plan (the "Plan") under ERISA § 502, 29 U.S.C. § 1132, against Defendants alleging breaches of fiduciary duties under ERISA and related violations of applicable law.  In particular, Plaintiffs assert that Defendants were fiduciaries to the Plan under ERISA and breached certain of their fiduciary duties by, *inter alia*: (1)

maintaining certain unsuitable investment alternatives in the Plan, despite excessive cost, risk, and underperformance, among other indicia of imprudence; (2) causing the Plan to pay excessive recordkeeping fees; and (3) causing the Plan to pay excessive investment management fees.

To remedy these fiduciary breaches and other violations of ERISA, Plaintiffs seek to recover all losses suffered by the Plan resulting from each breach of fiduciary duty and/or related violation of applicable law.  In addition, Plaintiffs seek such other equitable or remedial relief for the Plan as the Court may deem appropriate and just under all the circumstances.

**b. Defendants:**

Defendants deny that Plaintiffs' claims have any merit whatsoever.  Plaintiffs' claims for breach of fiduciary duty under ERISA fail because the Plan's fiduciaries at all times engaged in a prudent and thorough process, and at all times acted in the best interests of the Plan's participants, in selecting and retaining the challenged investment options for the Plan and in monitoring the Plan's recordkeeping and administrative fees. Among other things, Plaintiffs cannot demonstrate that the challenged investment options underperformed or had excessive investment management fees compared to a meaningful benchmark, nor can Plaintiffs demonstrate that the Plan's recordkeeping fees were excessive relative to the recordkeeping fees incurred by similarly-situated plans for the same services.  Moreover, Defendants deny that Plaintiffs or the Plan have suffered any losses, that Defendants caused any such losses, and that Plaintiffs and the Plan are entitled to any damages or other relief.  Defendants reserve the right to assert

additional defenses and arguments after further investigation and discovery.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The Plan is a defined contribution plan that meets the standards for tax-favored status under I.R.C. § 401(k).
2. DISH is the Plan's sponsor.
3. Plaintiffs are participants or former participants in the Plan.

### 5. COMPUTATION OF DAMAGES

Plaintiffs seek recovery of losses that the Plan sustained because of Defendants' fiduciary breaches, including those related to the selection and retention of certain imprudent investments and excessive payments for Plan expenses, as well as related restitutionary, equitable, and injunctive relief. Discovery on damages and remedies has not yet begun, and the computation of damages and remedies will depend on fact discovery and expert analysis. Plaintiffs will provide further information regarding such computations in accord with Rules 26(a)(2) and 26(e).

Defendants dispute that Plaintiffs and the Plan have suffered any damages or losses and dispute that Plaintiffs and the Plan are entitled to any relief whatsoever based on the allegations in this case.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting**: March 8, 2022.

b. **Names of each participant and party he/she represented**: counsel for Plaintiffs, Laurie Rubinow, Alec J. Berin, and Casey T. Yamasaki of Miller Shah LLP, and Mark K. Gyandoh and Gabrielle P. Kelerchian of Capozzi Adler, P.C., and counsel for Defendants, William J. Delany.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made**.

Pursuant to Rule 26(a)(1), the Parties shall simultaneously disclose the information required by the Rule on or before April 29 2022.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)**

With the exception of their proposal in Section 6(c) above to exchange disclosures on April 29, 2022, the Parties do not have proposed changes to the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

e. **Statement concerning any agreements to conduct informal discovery:**

The Parties have agreed that, pending the Court's decision on Defendants' anticipated motion to dismiss the Plaintiffs' Complaint, discovery shall be limited to the following categories of documents, which Defendants will produce (to the extent they are in Defendants' possession) within 60 days of filing their reply memorandum to a motion to dismiss:

1. Chartering documents (including any amendments) of the Committee and

5

    Committee minutes and materials prepared in connection with meetings that took place from January 20, 2016 to present;

2. Plan documents and amendments, summary plan descriptions, adoption agreements, and summaries of material modifications in effect from January 20, 2016 to present;
3. Copies of service agreements between the Plan and Fidelity from January 20, 2016 to present;
4. ERISA § 404(a)(5) fee disclosures from January 20, 2016 to present;
5. ERISA § 408b-2(c)(1) fee disclosures from January 20, 2016 to present;
6. The Plan's investment policy statement(s) in effect from January 20, 2016 to present;
7. Any applicable insurance agreement(s) required to be provided under Federal Rule of Civil Procedure 26(a)(1).

Defendants' agreement to produce the documents described above is subject to Defendants' right to withhold or redact material protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from discovery, as well as Defendants' right to designate any documents "Confidential" or "Highly Confidential" under any protective order the Court may enter in this case.  Additionally, Defendants' agreement to produce the documents described above is not a representation or admission that such documents are relevant or admissible.

    **f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties have agreed to cooperate in good faith in an effort to reduce discovery and other litigation costs, including through the use of a unified exhibit numbering system where practicable.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

This matter is a putative class action, and Plaintiffs anticipate issuing discovery requests that will likely seek voluminous documents and other materials.  The Parties anticipate the claims and defenses may involve electronically stored information ("ESI").  Counsel for the Parties have discussed the disclosure and preservation of ESI, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information.  The Parties also recognize the need to ensure that any electronic discovery is proportional to the needs of the case, and to avoid undue burden and expense with respect to the collection and review of ESI.  Pursuant to Federal Rule of Civil Procedure 26(f)(3), the Parties have agreed to work together to negotiate an agreement governing the preservation, disclosure, management, and production of ESI.

The undersigned counsel have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper and other non-electronic forms.  The Parties agreed to negotiate a protocol governing the preservation, disclosure, management, and production of such information.

The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production, which will be provided in the agreed protocol set forth above.  The Parties have agreed to negotiate a stipulation that will address these and other confidentiality issues.

h.  **Statement summarizing the Parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties certify that as required by Fed. R. Civ. P. 26(f), they have considered the potential benefits of attempting to resolve the case by alternate dispute resolution before undertaking significant discovery or motion practice.  The parties agree to discuss the possibility of a negotiated resolution, including through a private mediation, at the appropriate time.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

The Parties agree that discovery should be conducted in two phases: fact

discovery and expert discovery.

    a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The Parties do not propose any limits to presumptive numbers of depositions or interrogatories, other than those set by the Federal Rules.

    b. **Limitations which any party proposes on the length of depositions.**

The Parties do not propose any limits on the length of depositions, other than those set by the Federal Rules.

    c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties do not anticipate that they will request permission to exceed the limit of 25 interrogatories, including subparts, per party.

    d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Discovery may commence on the day after the deadline for Defendants to file their Answer to the Complaint, and all fact discovery shall be completed six (6) months thereafter. All sets of interrogatories, requests for production, and requests for admission shall be served within reasonable time before the discovery cut-off date.

    e. **Other Planning or Discovery Orders**

The Parties plan to submit a stipulated proposed protective order to the Court two weeks after entry of the proposed scheduling order.

### 9.  CASE PLAN AND SCHEDULE

a.  **Deadline for Answer, Joinder of Parties, and Amendment of Pleadings:**

The Parties propose that, if Defendants' motion to dismiss Plaintiffs' Complaint is denied, Defendants' Answer to the Complaint shall be due twenty-eight (28) days after the Court issues its order denying the motion to dismiss.

The Parties propose that they shall have until sixty (60) days after the deadline for Defendants to file their Answer to the Complaint to file motions to join additional parties or amend the pleadings.

b.  **Discovery Cut-off:**

Phase 1, fact discovery cut-off will be six (6) months after the deadline for Defendants to file their Answer to the Complaint; Phase 2, expert discovery cut-off will be four (4) months after the completion of fact discovery.

c.  **Dispositive Motion Deadline:**

Any dispositive motions shall be filed forty-five (45) days after the completion of expert discovery.  Any opposition shall be filed forty-five (45) days after the filing of dispositive motions, and any reply brief shall be filed thirty (30) days after the filing of opposition briefs.

d. **Expert Witness Disclosure**

The Parties will call expert witnesses at trial and propose that they designate all trial experts and provide opposing counsel with reports from retained experts, other than those relating to class certification,[1] based upon the following schedule:

1. Plaintiffs' expert reports – 30 days after the completion of fact discovery.
2. Defendants' expert reports – 30 days after the exchange of affirmative expert reports.
3. Rebuttal expert reports (if any) – 14 days after the exchange of Defendants' expert reports.

In all instances, the Parties agree to cooperate to make their respective expert witness(es) available for examination at the earliest possible time.

e. **Identification of Persons to Be Deposed:**

Plaintiffs plan to depose individuals, including members of the Committee and/or Board, based on discovery provided and shall comply with the notice and scheduling requirements set forth in the Federal Rules and D.C.COLO.LCivR 30.1.

Defendants currently plan to depose the named Plaintiffs and any expert witnesses designated by Plaintiffs. Defendants reserve the right to depose other

---

[1] The Parties agree that, if a party intends to offer an expert witness in support or opposition of class certification, such party shall cause the Parties to meet and confer regarding the disclosure of expert reports and examination of experts in support or opposition of class certification.

11

individuals based on additional information learned through the discovery process. Defendants shall comply with the notice and scheduling requirements set forth in the Federal Rules and D.C.COLO.LCivR 30.1.

### g. Class certification

Plaintiffs shall file their motion for class certification on or before four (4) months after the deadline for Defendants to file their Answer to the Complaint, and any expert report(s) in support of class certification will be produced at that time.

Defendants shall file their opposition to class certification within 45 days after Plaintiffs file their motion for class certification, and any expert report(s) in opposition to class certification will be produced at that time.

Plaintiffs shall file any reply brief in support of class certification within 21 days after Defendants file their opposition.

In all instances, the Parties agree to cooperate to make their respective expert witness(es) available for examination at the earliest possible time, and in consideration of the opposing party's need to incorporate the results of such examination in their respective opposition memoranda or reply brief.

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: February 15, 2023, at 10:45 a.m.                                                              .

b. A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the Parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The Parties do not presently have disagreements with discovery or scheduling issues. Consequently, the Parties plan to move to vacate the scheduled conference with the Court before entry of a scheduling order.

**b. Anticipated length of trial and whether trial is to the court or jury**

The Parties anticipate a bench trial that will extend approximately 10 days.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

Not applicable.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving

attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The foregoing scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 29th day of March, 20 22.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| /s/ Laurie Rubinow | /s/  William J. Delany |
|---|---|
| Laurie Rubinow | William J. Delany |
| James E. Miller | Michael J. Prame |
| MILLER SHAH LLP | GROOM LAW GROUP, CHARTERED |
| 65 Main Street | 1701 Pennsylvania Ave., NW |
| Chester, CT 06412 | Washington, D.C. 20006 |
| Telephone: (866) 540-5505 | Telephone: (202) 857-0620 |
| Facsimile: (866) 300-7367 | Facsimile: (202) 659-4503 |

Email: lrubinow@millershah.com

Mark K. Gyandoh
Gabrielle Kelerchian
CAPOZZI ADLER P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com
       gabriellek@capozziadler.com

*Attorneys for Plaintiffs and
The Proposed Class*

Email: wdelany@groom.com
       mprame@groom.com

*Attorneys for Defendants
DISH Network Corporation, Board of Directors of DISH Network Corporation, and DISH 401(k) Plan Committee*