IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 22-cv-00167-CMA-STV

LAQUITA JONES,
LATEESHA PROCTOR,
PATRICK SMITH, and
BEN MCCOLLUM,

    Plaintiffs,

v.

DISH NETWORK CORPORATION,
THE BOARD OF DIRECTORS OF DISH NETWORK CORPORATION,
RETIREMENT PLAN COMMITTEE OF DISH NETWORK CORPORATION, and
DOES NO. 1–20,

    Defendants.

---

**ORDER DENYING MOTION FOR THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

---

    This matter is before the Court on the Chamber of Commerce of the United States of America's (the "Chamber") motion for leave to file a brief as *amicus curiae* in the above-captioned case (Doc. # 38) in support of Defendants' Motion to Dismiss (Doc. # 30). Plaintiffs filed a Response opposing the Chamber's motion to participate as *amicus curiae* (Doc. # 48), and the Chamber filed a Reply (Doc. # 49).

    District courts have broad discretion to allow participation by *amici curiae*. *See, e.g.*, *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991); *Center for Biological Diversity v. Jewell*, No. 16-cv-01932-MSK-STV, 2017 WL 4334071, at *1 (D. Colo. May

16, 2017). Neither the Tenth Circuit nor the Federal Rules of Civil Procedure set forth standards upon which such discretion should be exercised. As such, the Court looks to Federal Rule of Appellate Procedure 29, which governs *amicus curiae* participation in appeals, for guidance. *See Center for Biological Diversity*, 2017 WL 4334071, at *1. Under Rule 29, an entity may participate as *amicus curiae* if it "has an interest in the case, the matters it seeks to address are relevant, and its participation is desirable." *Id.* In determining whether to allow participation, courts consider several factors:

> (1) whether the proposed *amicus* is a disinterested entity; (2) whether there is opposition to the entry of the *amicus*; (3) whether counsel is capable of making arguments without the assistance of an *amicus*; (4) the strength of the information and argument presented by the potential *amicus curiae*'s interests; and, perhaps most importantly, (5) the usefulness of information and argument presented by the potential *amicus curiae* to the court.

*Wildearth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 WL 10028647, at *2 (D.N.M. June 20, 2012). An *amicus* brief may be useful if it provides "'unique information or perspective that can help the court beyond the held that the lawyers for the parties are able to provide.'" *Id.* (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

The Court finds that the factors weigh against granting leave for the Chamber to file an *amicus* brief in this case. First, the parties are adequately represented by competent counsel who are capable of making arguments without the assistance of an *amicus*. *See Medina v. Catholic Health Initiatives*, No. 1:13-CV-01249-REB-KLM, 2015 WL 13683647, at *1 (D. Colo. Oct. 7, 2015) (denying a motion for leave to file an *amicus* brief in part because "defendants are more than adequately represented by competent

2

counsel who have addressed at substantial length the factual and legal issues sought to be presented by the putative *amicae*"). Further, the Chamber has not shown that it has "unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Wildearth Guardians*, 2012 WL 10028647, at *2. Upon reviewing the motion and the proposed brief, the Court notes that the Chamber addresses many of the same issues as the parties and reiterates several points made by Defendants. *See id.* (declining to grant leave to file an amicus brief where the brief was "mostly duplicative" of the parties' briefing). Similarly, the Chamber has not shown that it would draw the Court's attention to matters that escaped the parties' attention or otherwise warrant consideration. *See Miller-Wohl Co. v. Comm'r of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982) (describing "the classic role of *amicus curiae*" as "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration"). The Court therefore finds in its discretion that the Chamber's participation as *amicus curiae* is not warranted in this case.

      For the foregoing reasons, it is ORDERED that the Motion for the Chamber of Commerce of the United States of America for Leave to Participate as Amicus Curiae (Doc. # 38) is DENIED.

      DATED:  June 29, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge